UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YESWARE, INC.,<br><br>              Plaintiff,<br><br>              v.<br><br>RPOST HOLDINGS, INC., RPOST<br>INTERNATIONAL LIMITED, RPOST<br>COMMUNICATIONS LIMITED, and RMAIL<br>LIMITED,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)   NO. 13-12837<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff Yesware, Inc. ("Yesware" or "Plaintiff"), for its complaint against defendants RPost Holdings, Inc. ("RPH"), RPost International Limited ("RPI"), RPost Communications Limited ("RPC"), and RMail Limited ("RMail") (collectively, the "Defendants"), alleges as follows:

### PARTIES

1.      Plaintiff Yesware, Inc. is a corporation organized under the law of the State of Delaware with its principal place of business located in Boston, Massachusetts.

2.      On information and belief, defendant RPost Holdings, Inc. is a corporation organized under the laws of the Nation of Bermuda

3.      On information and belief, defendant RPost International Limited is a corporation organized under the laws of the Nation of Bermuda.

4.      On information and belief, defendant RPost Communications Limited is a corporation organized under the laws of the Nation of Bermuda.

5.      On information and belief, defendant RMail Limited is a corporation organized under the laws of the Nation of Bermuda

## JURISDICTION AND VENUE

6.      Yesware brings this action under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory judgments under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

7.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8.      Upon information and belief, Defendants maintain an office in Boston, Massachusetts and conduct business in the Commonwealth of Massachusetts and this judicial district by selling, marketing, advertising and/or offering to sell its products/services.

9.      This Court also has personal jurisdiction over Defendants under the applicable provisions of federal and Massachusetts state laws.

10.     Venue is proper in this district under 28 U.S.C. § 1391.

## COUNT I
## (Declaratory Relief regarding Non-Infringement of U.S. Patent No. 8,161,104)

11.     Yesware repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the proceeding paragraphs.

12.     Yesware is engaged in the business of providing email productivity services. Yesware offers, and intends to continue offering, an email plugin (i.e., a software component that adds a specific feature to an existing software application) for Google Chrome and Mozilla Firefox, which provides email tracking, customizable templates and customer relationship management (CRM) integration. The plugin is compatible with Gmail.

13.     Yesware is informed and believes and thereon alleges that RPC is the record owner of United States Patent No. 8,161,104 issued to Terrance A. Tomkow on April 17, 2012 and titled "System and Method for Verifying Delivery and Integrity of Electronic Messages" ("the '104 Patent"), a copy of which is attached hereto as Exhibit A.

14.     In correspondence directed to Yesware on October 22, 2013 and November 5, 2013, Defendants accused Yesware of infringing the '104 Patent by offering its email message tracking service.

15.     Neither Yesware nor any of its devices, systems or services infringes or has infringed any claim of the '104 Patent.   In addition, Yesware is not contributing to or inducing the infringement of any claim of the '104 Patent and has never contributed to or induced the infringement of any claim in the '104 Patent.

16.     Yesware has an unfettered right, free from charges of infringement by Defendants of the '104 Patent, to make, use, sell, and offer for sale its email message tracking service.

17.     By reason of Defendants' charge of patent infringement and Yesware's denial of Defendants' charge of patent infringement, an actual and justiciable controversy exists between Yesware and Defendants with regard to the infringement of the '104 Patent.

18.     Yesware therefore requests a declaration from the Court that Yesware has not infringed and is not now infringing – directly, indirectly, literally or under the doctrine of equivalents – the '104 Patent.

## COUNT II
### (Declaratory Relief regarding Invalidity of U.S. Patent No. 8,161,104)

19.     Yesware repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the proceeding paragraphs.

20.     An actual and justiciable controversy exists between Yesware and Defendants with regard to the validity of the '104 Patent.

21.     Yesware is informed and believes and thereon alleges that the '104 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including but not limited to, those codified at 35 U.S.C. §§ 102, 103 and/or 112.

22.     Yesware believes that there is prior art and other evidence that anticipates or

3

renders obvious the claims of the '104 Patent.

23.     By reason of Defendants' charge of patent infringement and Yesware's denial of Defendants' charge of patent infringement, an actual and justiciable controversy exists between Yesware and Defendants with regard to the validity of the '104 Patent.

24.     Yesware therefore requests a declaration from the Court that the claims of the '104 Patent are invalid.

## COUNT III
### (Declaratory Relief regarding Non-Infringement of U.S. Patent No. 8,468,198)

25.     Yesware repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the proceeding paragraphs.

26.     Yesware is informed and believes and thereon alleges that RPC is the record owner of United States Patent No. 8,468,198 issued to Terrance A. Tomkow on June 18, 2013 and titled "System and Method for Verifying Delivery and Integrity of Electronic Messages" ("the '198 Patent"), a copy of which is attached hereto as Exhibit B.

27.     In correspondence directed to Yesware on October 22, 2013 and November 5, 2013, Defendants accused Yesware of infringing the '198 Patent by offering its email message tracking service.

28.     Neither Yesware nor any of its devices, systems or services infringes or has infringed any claim of the '198 Patent.  In addition, Yesware is not contributing to or inducing the infringement of any claim of the '198 Patent and has never contributed to or induced the infringement of any claim in the '198 Patent.

29.     Yesware has an unfettered right, free from charges of infringement by Defendants of the '198 Patent, to make, use, sell, and offer for sale its email message tracking service.

30.     By reason of Defendants' charge of patent infringement and Yesware's denial of Defendants' charge of patent infringement, an actual and justiciable controversy exists between Yesware and Defendants with regard to the infringement of the '198 Patent.

4

31.    Yesware therefore requests a declaration from the Court that Yesware has not infringed and is not now infringing – directly, indirectly, literally or under the doctrine of equivalents – the '198 Patent.

## COUNT IV
### (Declaratory Relief regarding Invalidity of U.S. Patent No. 8,468,198)

32.    Yesware repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the proceeding paragraphs.

33.    An actual and justiciable controversy exists between Yesware and Defendants with regard to the validity of the '198 Patent.

34.    Yesware is informed and believes and thereon alleges that the '198 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including but not limited to, those codified at 35 U.S.C. §§ 102, 103 and/or 112.

35.    Yesware believes that there is prior art and other evidence that anticipates or renders obvious the claims of the '198 Patent.

36.    By reason of Defendants' charge of patent infringement and Yesware's denial of Defendants' charge of patent infringement, an actual and justiciable controversy exists between Yesware and Defendants with regard to the validity of the '198 Patent.

37.    Yesware therefore requests a declaration from the Court that the claims of the '198 Patent are invalid.

## COUNT V
### (Declaratory Relief regarding Non-Infringement of U.S. Patent No. 8,275,845)

38.    Yesware repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the proceeding paragraphs.

39.    Yesware is informed and believes and thereon alleges that RPC is the record owner of United States Patent No. 8,275,845 issued to Terrance A. Tomkow on September 25, 2012 and titled "System and Method for Verified Contract Acceptance" ("the '845 Patent"), a copy of which is attached hereto as Exhibit C.

40.     In correspondence directed to Yesware on November 5, 2013, Defendants accused Yesware of infringing the '845 Patent by offering its email message tracking service.

41.     Neither Yesware nor any of its devices, systems or services infringes or has infringed any claim of the '845 Patent.   In addition, Yesware is not contributing to or inducing the infringement of any claim of the '845 Patent and has never contributed to or induced the infringement of any claim in the '845 Patent.

42.     Yesware has an unfettered right, free from charges of infringement by Defendants of the '845 Patent, to make, use, sell, and offer for sale its email message tracking service.

43.     By reason of Defendants' charge of patent infringement and Yesware's denial of Defendants' charge of patent infringement, an actual and justiciable controversy exists between Yesware and Defendants with regard to the infringement of the '845 Patent.

44.     Yesware therefore requests a declaration from the Court that Yesware has not infringed and is not now infringing – directly, indirectly, literally or under the doctrine of equivalents – the '845 Patent.

### COUNT VI
### (Declaratory Relief regarding Invalidity of U.S. Patent No. 8,275,845)

45.     Yesware repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the proceeding paragraphs.

46.     An actual and justiciable controversy exists between Yesware and Defendants with regard to the validity of the '845 Patent.

47.     Yesware is informed and believes and thereon alleges that the '845 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including but not limited to, those codified at 35 U.S.C. §§ 102, 103 and/or 112.

48.     Yesware believes that there is prior art and other evidence that anticipates or

6

renders obvious the claims of the '845 Patent.

49.     By reason of Defendants' charge of patent infringement and Yesware's denial of Defendants' charge of patent infringement, an actual and justiciable controversy exists between Yesware and Defendants with regard to the validity of the '845 Patent.

50.     Yesware therefore requests a declaration from the Court that the claims of the '845 Patent are invalid.

## PRAYER FOR RELIEF

Yesware respectfully prays that the Court enters judgment:

1.     Declaring that Yesware has not infringed and is not infringing any valid claim of the '104, '198, or '845 Patents;

2.     Declaring that each claim of the '104, '198, or '845 Patents is invalid;

3.     Declaring that this case is "exceptional" under the Patent Act and awarding Yesware its actual costs, expenses and reasonable attorneys' fees incurred in connection with this action; and

4.     Awarding Yesware such other and further relief deemed to be just and appropriate by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issue and claims so triable.


Dated: November 8, 2013                    Respectfully submitted,

**YESWARE, INC**

By Its Attorneys,


/s/ Joshua M. Dalton
Joshua M. Dalton, BBO #636402
josh.dalton@bingham.com
Lawrence T. Stanley, Jr., BBO #657381
lawrence.stanley@bingham.com
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, MA  02110-1726
617-951-8000